UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ERIC ROBINSON                                    CIVIL ACTION

VERSUS                                           NO. 17-10485

AMBER VICTORIO, ET AL.                           SECTION: "A" (5)

## REPORT AND RECOMMENDATION

Plaintiff, Eric Robinson, is an inmate housed at the Louisiana State Penitentiary in Angola, Louisiana. He has submitted a complaint pursuant to Title 42 U.S.C. § 1983 for which he seeks leave to proceed *in forma pauperis*.[1] He alleges that two classification officers disqualified and excluded him from his Parole Board hearing and that their actions were racially motivated. He requests monetary compensation. (Rec. doc. 1, Complaint).

Because Title 42 U.S.C. § 1983 does not contain a specific venue provision, venue is determined under the general venue provision found at Title 28 U.S.C. § 1391(b). *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973). Section 1391(b) provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

At all relevant times, Plaintiff has been incarcerated at the Louisiana State Penitentiary, where the alleged unconstitutional acts occurred. He also indicates that the Defendants can be found in Angola, Louisiana, in West Feliciana Parish, which is located

---

[1] The motion to proceed as a pauper is deferred to the United States Middle District of Louisiana for determination and consideration pursuant to Title 28 U.S.C. § 1915.

within the jurisdiction of the United States District Court for the Middle District of Louisiana. 28 U.S.C. § 98(b).

Title 28 U.S.C. § 1406(a) directs that a district court shall dismiss a case laying venue in the wrong division or district, unless the interest of justice calls for the transfer of the case from one district to another district or division in which venue is proper, for the convenience of parties and witnesses and in the interest of justice. *See* 28 U.S.C. §§ 1406(a) and 1404(a); *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999). In the interests of justice, the Court finds that transfer to the Middle District of Louisiana is proper.

Accordingly, **IT IS RECOMMENDED** that the captioned matter be transferred to the United States District Court for the Middle District of Louisiana.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[2]

New Orleans, Louisiana, this 18th day of October, 2017.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[2] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.