# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ERIC ROBINSON**                                                                    **CIVIL ACTION NO.**

**VERSUS**                                                                                  **17-1636-JWD-EWD**

**AMBER VITTORIO, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 16, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

ERIC ROBINSON                                              CIVIL ACTION NO.

VERSUS                                                        17-1636-JWD-EWD

AMBER VITTORIO, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss ("Motion"),[1] filed by Amber Vittorio and Mary Anthony ("Defendants"). The Motion is unopposed. For the following reasons, the undersigned recommends the Motion be granted.

### I.    Background

*Pro se* Plaintiff, Eric Robinson ("Plaintiff"), filed this case against Defendants pursuant to 42 U.S.C. § 1983 while he was incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana.[2] Plaintiff has since been released from LSP.[3] As the basis for his claims, Plaintiff says that he was scheduled for a parole board hearing on June 15, 2017.[4] Before the hearing, he was approached by Defendants, who, according to Plaintiff, "said they came to disqualify and exclude me from my parole board hearing…."[5] It appears as though Defendants informed Plaintiff that Plaintiff's first conviction of simple burglary was being added to his habitual offender bill of information, under which he had previously be sentenced as a third time offender.[6] Plaintiff argues that he was "entitled to parole eligibility under act 469,"[7] that Defendants excluded him from the

---

[1] R. Doc. 26.
[2] R. Doc. 1.
[3] R. Doc. 13.
[4] R. Doc. 1, p. 5.
[5] R. Doc. 1, p. 5.
[6] R. Doc. 1, p. 5.
[7] R. Doc. 1, p. 5.

parole hearing, and that statistically only black offenders have been excluded from parole proceedings. Plaintiff seeks monetary and injunctive relief.[8]

## II.    Law and Analysis

### A.  Procedural Posture

Normally, a motion asserting a Rule 12(b) defense "must be made before pleading if a responsive pleading is allowed."[9]  However, a motion to dismiss pursuant to Rule 12(b) that is filed after a responsive pleading may be treated as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).[10]  Defendants filed an Answer in this matter on January 18, 2019.[11]  Accordingly, the Motion is reviewed pursuant to Rule 12(c).

### B.  Standard of Review

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings."  Entry of judgment on the pleadings is proper if the material facts are not in dispute and the court can render judgment on the merits by looking to the substance of the pleadings and any judicially noticed facts.[12] The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6).[13]

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires, "a short and plain statement of the claim showing that the pleader is entitled to relief."[14]  In order to survive a Rule 12(b)(6) motion, a pleading's

---

[8] R. Doc. 1, p. 6.
[9] Fed. R. Civ. P. 12(b).
[10] *Cox v. Richards*, 761 F.Appx. 244, 247 (5th Cir. 2019).
[11] R. Doc. 19.
[12] *Linicomn v. Hill*, 902 F.3d 529, 533 (5th Cir. 2018).
[13] *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002)).
[14] Fed. R. Civ. P. 8(a)(2).

language, on its face, must demonstrate that there exists plausibility for entitlement to relief.[15] "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[16] In determining whether it is plausible that a pleader is entitled to relief, a court does not assume the truth of conclusory statements, but rather looks for facts which support the elements of the pleader's claim.[17] Factual assertions are presumed to be true, but "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a 12(b)(6) motion.[18]

### C.  Plaintiff has failed to allege any facts indicating a constitutional violation[19]

First, Plaintiff alleges he was denied due process as a result of his disqualification from the pertinent parole proceeding.[20] As noted by Defendants, Plaintiff does not have liberty interest in parole, and thus, a due process violation cannot exist.[21] The presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release.[22] It is, however, possible for a state statute governing parole release to create an "expectation of parole" that would be protected by the due process clause.[23] For this "expectation of parole" to exist, an inmate must demonstrate that the parole decision maker is required to base its decisions on objective and defined criteria rather than having the ability to deny the requested relief for any constitutionally

---

[15] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).
[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citation omitted).
[17] *Twombly*, 550 U.S. at 557.
[18] *Iqbal*, 556 U.S. at 678.
[19] Because the undersigned concludes that this action should be dismissed in its entirety for failure to state a claim, it is not necessary to address Defendants' additional arguments raised in the Motion.
[20] R. Doc. 1, p. 5.
[21] R. Doc. 26-1, pp. 6-7.
[22] *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1 (1979).
[23] *Id.* at 11.

permissible reason or for no reason at all.[24]  If the decision maker has the discretion to deny relief, the state has not created a constitutionally protected liberty interest.[25]  Courts of this state have specifically found that "Louisiana law has not created a liberty interest in parole that is protected by the Due Process Clause."[26]  Thus, Plaintiff has failed to state a claim upon which relief may be granted with respect to a due process claim regarding parole.

Further, to the extent Plaintiff claims he was denied due process in being turned away from his parole hearing, he fails to state a claim in this regard as well.  The United States Court of Appeals for the Fifth Circuit has held that because a prisoner has no liberty interest in parole, he also cannot complain regarding the constitutionality of procedural devices attendant to parole decisions.[27]  Accordingly, because Plaintiff did not have a protected liberty interest in parole, he also cannot complain regarding the constitutionality of the denial of a parole hearing.[28]

Plaintiff also includes one conclusory sentence in his Complaint, stating Defendants "disqualification and exclusion to parole hearing or [sic] statistically being applied solely to black offenders producing a result so in appropriate as to be outside of the law."[29]  To the extent this is

---

[24] *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983) ("If the decisionmaker is not required to base its decisions on objective and defined criteria, but instead can deny the requested relief for any constitutionally permissible reason or for no reason at all, the State has not created a constitutionally protected liberty interest.")(internal quotations and citations omitted).

[25] *Id.*

[26] *Bastida v. Leblanc*, 372 Fed.Appx. 443, 444 (5th Cir. 2010).  *See also Stevenson v. Louisiana Bd. of Parole*, 265 F.3d 1060, at *1 (5th Cir. 2001). Though Plaintiff references "act 469" as the provision of law, which he alleges entitles him to parole eligibility, it appears as though Plaintiff is trying to invoke provisions of La. R.S. § 15:529.1, which was amended by Acts 1958, No. 469. La. R.S. § 15:529.1 provides sentencing guidelines for habitual offenders, such as Plaintiff.  There is simply no language in § 15:529.1 that indicates Plaintiff should have had an expectation of parole, and Plaintiff has failed to point to any state laws that use language mandating release, which would give rise to a constitutionally protected "expectation of parole." *Bastida v. LeBlanc*, 372 F. Appx. 443, 444 (5th Cir. 2010) *citing Board of Pardons v. Allen*, 482 U.S. 369, 373, 377-78 (1987).  In *Bastida*, the Fifth Circuit affirmed a district court's dismissal as frivolous of a claim that the plaintiff was denied parole in violation of his due process and equal protection rights.  The Fifth Circuit noted that the plaintiff had failed to point to any state laws that would mandate release and thus, give rise to a liberty interest entitled to protection by the Due Process Clause.  Regardless of what provision of Louisiana law Plaintiff may be trying to invoke, Louisiana law does not create a liberty interest in parole that is protected by the Due Process Clause.

[27] *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995).

[28] *Id.*

[29] In his prayer for relief, Plaintiff also says his claim is based, in part, on "racial discrimination." R. Doc. 1, p. 6.

an attempt to allege an equal protection claim, a conclusory assertion couched as fact is not sufficient to defeat a motion to dismiss.[30]  Accordingly, to the extent Plaintiff attempts to bring an equal protection claim, that claim should also be dismissed.

**RECOMMENDATION**

**IT IS RECOMMENDED** that the Motion to Dismiss,[31] filed on behalf of Defendants, Amber Vittorio and Mary Anthony, be **GRANTED** and that this action be **DISMISSED WITH PREJUDICE**.

Signed in Baton Rouge, Louisiana, on January 16, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[30] *Papasan v. Allain*, 478 U.S. 265, 286 (1986).
[31] R. Doc. 26.